## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.H., B.H., and A.H.**

**No. 18-0028** (Mercer County 17-JA-161, 162, and 163)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.H., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's December 7, 2017, order terminating his parental, custodial, and guardianship rights to C.H., B.H., and A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David Kelley, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2017, the DHHR filed a petition alleging that petitioner admitted to abusing controlled substances not prescribed to him and leaving uncapped syringes within reach of his two-year-old child, C.H.[2] Petitioner waived his preliminary hearing in July of 2017. The children remained in the custody of their non-abusing mother. The circuit court held an adjudicatory hearing in September of 2017. A DHHR worker and home incarceration officer testified regarding the uncapped syringes and drugs found within reach of the two-year-old child. The DHHR worker also testified that petitioner admitted that he used Suboxone without a prescription. Petitioner did not testify. Ultimately, the circuit court found that petitioner created

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]According to the petition, the mother was previously awarded primary custody of the children, while petitioner exercised visitation with them in his home.

1

an unsafe home environment by leaving syringes and pills in reach of the children. The circuit court adjudicated petitioner as an abusing parent.

The parties convened for a multidisciplinary treatment team ("MDT") meeting in October of 2017, during which the DHHR notified petitioner that their recommendation for an improvement period would be predicated upon long-term substance abuse treatment. The DHHR directed petitioner to attend a specific treatment facility the following day and, according to the parties, petitioner agreed to go. The parties also agreed on a visitation plan for petitioner.

In November of 2017, the circuit court held a dispositional hearing and the DHHR moved to terminate petitioner's parental rights. A DHHR worker testified that petitioner did not submit to inpatient substance abuse treatment, as he agreed, or to drug screening when requested. Further, petitioner did not consistently schedule visits with the children and only visited them twice after the visitation plan was agreed upon. Petitioner testified that the day after the MDT meeting he was hospitalized for cellulitis for three to four days. Petitioner also testified that he called the inpatient substance abuse treatment facility suggested by the MDT and could not be admitted after his hospital stay. He testified that the treatment facility informed him that he needed to be in "plum withdrawals" to be admitted and refused him admission. Petitioner further testified that that inpatient treatment facility suggested to him that he go to Princeton Community Hospital in order to detox but that he did not follow that suggestion. Ultimately, the circuit court found that petitioner had an opportunity to get substance abuse treatment but failed to do so. Further, the circuit court found that it was in the best interest of the infant children to terminate petitioner's parental, custodial, and guardianship rights and did so in its December 7, 2017, order.[3] Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3]The mother of the children was deemed a non-abusing parent and her parental rights remain intact. According to the parties, the children's permanency plan is continuation in their mother's custody.

[4]On appeal, petitioner does not raise an assignment of error regarding the circuit court's termination of his parental, custodial, or guardianship rights.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

Petitioner's only assignment of error is that the circuit court erred in denying him a post-adjudicatory improvement period.[5] Petitioner asserts that the evidence below proved that he would have fully participated in an improvement period. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

We find that the circuit court did not err because petitioner did not present clear and convincing evidence that he would participate in an improvement period. Petitioner admitted that he failed to take the necessary steps to be admitted into an inpatient substance abuse treatment facility, never drug screened as required, and readily admitted at the dispositional hearing that he would test positive for controlled substances if drug screened. Further, petitioner did not testify to any improvements or changes that he attempted to make between the adjudicatory and dispositional hearings. Petitioner argues that he participated in every single visit with the children; however, the record reflects that he did not consistently schedule visitation. Petitioner further argues that the DHHR did not assist him in finding treatment. However, it is clear from the testimony below that the DHHR suggested an inpatient treatment facility to petitioner, but he simply failed to attend. Accordingly, we find no error in this regard.

---

[5]Although petitioner argues that the circuit court should have granted him a post-adjudicatory improvement period, petitioner does not point to a place in the record on appeal when he actually requested such an improvement period in writing as required by West Virginia Code § 49-4-610, and we have found no indication of such a request in the record provided. Pursuant Rule 10(c)(7) to the Rules of Appellate Procedure

"[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequate supported by specific references to the record on appeal."

Further, in support of this assignment of error, petitioner argues that the circuit court ultimately terminated his parental rights due to his failure to participate in inpatient drug treatment. Petitioner asserts that this was error because he was not adjudicated for substance abuse, but rather for unsafe home conditions "where needles and pills were left out." We find no error because the dangerous conditions in petitioner's home were the product of petitioner's substance abuse. Specifically, petitioner's substance abuse resulted in the conditions upon which he was adjudicated as an abusing parent, namely the presence of drugs and drug paraphernalia within the children's reach. Further, petitioner's failure to comply with the recommendations of the MDT exemplifies his unwillingness to fully participate in the terms of an improvement period. Accordingly, we find no error in the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 7, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4